# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TODD WALKER and LARA WALKER,**

        **Plaintiffs,**

**-vs-**                                                   **Case No. 6:07-cv-267-Orl-22DAB**

**COUNTRYWIDE HOME LOANS, INC., as assignee of Sprint Funding Corporation,**

        **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **AGREED MOTION TO COMPEL APPEARANCE AT DEPOSITION OR, ALTERNATIVELY, MOTION FOR EXTENSION OF TIME TO DEPOSE TODD WALKER AND LARA WALKER (Doc. No. 21)**
>
> **FILED:** May 1, 2008
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**. The deadline for Defendant to depose the Plaintiffs is extended until May 16, 2008.

Plaintiffs failed to appear for their depositions on May 1, 2008. Doc. No. 21. Pursuant to Federal Rule of Civil Procedure 37, the Court may impose discovery sanctions, including dismissal, when a party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process. *Gratton v. Great American Communications*, 178 F.3d 1373, 1374-1375 (11th Cir. 1999) (affirming dismissal of suit for discovery abuse where trial court found that plaintiff bore

"substantial responsibility" for the delays in discovery and that the defendants were not at all at fault).

Rule 37(b)(2) provides a range of sanctions that a district court may impose upon parties for failure to comply with the court's discovery orders. It provides that the court, in its discretion, may impose, among others, the following sanctions: (1) the court may order that disputed facts related to the violated order be considered established in accordance with the claim of the party obtaining the sanctions order; (2) the court may refuse to permit the violating party to raise certain defenses, or it may prohibit that party from opposing certain claims or defenses of the party obtaining the sanctions order; (3) the court may strike any pleadings or any parts of the pleadings of the violating party, stay the proceedings, or **even dismiss the action** or enter a judgment of default against the violating party; and (4) the court may consider the violation a contempt of court. Fed. R. Civ. P. 37 (emphasis added).

In *Phipps v. Blakeney*, plaintiff alleging constitutional violations failed to appear for his deposition. 8 F.3d 788, 789 (11th Cir. 1993). The trial court then granted the defendant's motion to compel and ordered plaintiff to appear for his deposition, making it clear that failure to appear would result in Rule 37 sanctions, which could include a dismissal of the case. *Id*. The plaintiff refused to attend a court-ordered discovery conference and failed to attend his deposition. *Id*. Despite his continued defiance, the court gave plaintiff one final warning that his case was subject to dismissal if he failed to attend his re-scheduled deposition. *Id.* at 790. When plaintiff failed to attend his deposition, the court dismissed his case as a sanction for his willful failure to comply with the court's discovery orders. *Id.* The Eleventh Circuit affirmed, holding that when a plaintiff deliberately and defiantly refuses to obey discovery orders, the trial judge has the authority to deny that plaintiff further access to the court to pursue the case and dismissal is proper. *Id*. at 791.

Plaintiff Todd Walker and Lara Walker are **ORDERED** to appear for their depositions as rescheduled by Defendant's counsel before May 16, 2008.  *See* Doc. No. 21.  Plaintiffs' failure to appear for these rescheduled depositions may result in dismissal of Plaintiffs' claims.  "A party's repeated failure to obey the Court's discovery orders may result in a stay of proceedings until the order is obeyed, **dismissal of the action** or judgment by default, and order for the disobedient party to pay attorney's fees and other reasonable expenses."  FED. R. CIV. P. 37(b)(2).

**DONE** and **ORDERED** in Orlando, Florida on May 5, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record